# John G. Cameron *v.* George A. Coy, Appellant.

*Will—Devise—Issue.*

The words " die without leaving issue " presumably refer to an indefinite failure of issue, but this presumption will yield to a contrary intent apparent from the whole will.

Testator devised land to his son Hugh, describing no estate. In a subsequent clause in his will he declared that " if either Hugh or Martha should die leaving no issue, then their estates shall descend equal shares alike to the two married sisters and Hugh or Martha or survivors, that is the three survivors of the four shall have equal shares alike of said estate or estates." *Held,* that the testator had in mind a definite failure of issue at the time of Hugh's or Martha's death, and that upon the happening of such contingency by the death of Hugh his estate was defeated by the coming into existence of the devise over to the three surviving sisters.

*Orphans' court sale—Equitable estoppel.*

In the above case, during the lifetime of Hugh, Martha released to him all her interest in the land. When Hugh died the orphans' court sold his land as a fee simple and his two surviving sisters accepted their share of the purchase money. *Held,* that thereby they were estopped from disputing the title of the purchaser at the orphans' court sale to a fee in the land.

Argued Oct. 17, 1894. Appeal, No. 303, Oct. T., 1894, by defendant, from judgment of C. P. Indiana Co., Sept. T., 1894, No. 276, on case stated for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Case stated to determine marketability of title to land which plaintiff agreed to sell to defendant. Before WHITE, P. J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was entry of judgment for plaintiff.

*J. N. Banks,* for appellant, cited : Stambaugh's Est., 135 Pa. 585; Cockin's Ap., 111 Pa. 26; Ingersoll's Ap., 86 Pa. 240; Mannerback's Est., 133 Pa. 342.

*J. N. Langham,* for appellee, cited : Act of April 27, 1855, P. L. 368 ; Eichelberger v. Barnitz, 9 Watts, 447 ; Clark v. Baker, 3 S. & R. 470 ; Lawrence v. Lawrence, 105 Pa. 335 ; Smith's

Ap., 23 Pa. 9; Matlack v. Roberts, 54 Pa. 148; Carroll v. Burns, 108 Pa. 386; Bassett v. Hawk, 118 Pa. 94; Cockin's Ap., 111 Pa. 26; Reinoehl v. Shirk, 119 Pa. 108; Cochran v. Cochran, 127 Pa. 486; Kleppner v. Laverty, 70 Pa. 70.

OPINION BY MR. JUSTICE MITCHELL, Jan. 7, 1895:

The rule which was adopted by our earlier cases from the English authorities and perhaps may still be called the general rule is that the words " die without leaving issue " presumably refer to an indefinite failure of issue, but this presumption will yield to a contrary intent apparent from the whole will : Middleswarth's Admr. v. Blackmore, 74 Pa. 414. And this court has frequently said with great emphasis that it is the testator's actual intent that must govern, and where that is clear all technical rules of construction must give way to it: Reck's Appeal, 78 Pa. 435; Woelpper's Appeal, 126 Pa. 562.

The testator here devised to his son Hugh, describing no estate, and therefore under the statute giving him a fee. But in a later part of the will he declared that "if either Hugh or Martha should die leaving no issue, then their estates shall descend equal shares alike to the two married sisters and Hugh or Martha or survivors, that is the three survivors of the four shall have equal shares alike of said estate or estates." If it were open to question here, there would not be much difficulty in reaching the conclusion that the testator had in mind a definite failure of issue, to wit, at the time of Hugh's or Martha's death, and that upon the happening of such contingency by the death of Hugh his estate was defeated by the coming into existence of the devise over to the three surviving sisters. But there is no one entitled to raise that question. During the lifetime of Hugh, Martha released to him all her interest in the land. The devise as to her third therefore united with his estate whatever that may have been. The devise as to the other two thirds remained in the other sisters, but when Hugh died and the orphans' court proceeded to sell his land as a fee simple, the two sisters ratified that assertion of Hugh's title by accepting their share of the purchase money. The plaintiff Cameron became the purchaser, and he bought a title in fee, presumably at its full value, as the orphans' court confirmed the sale. The sisters, as is agreed in the case stated, accepted part of the purchase

money, and would thereby be equitably estopped from contesting plaintiff's title in ejectment or otherwise, and under the will of James Simpson, the common ancestor, there is no one else who can do so. Plaintiff therefore has shown a good title in fee, and judgment was properly entered in his favor.

Judgment affirmed.